IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN CHINNICI,

        Petitioner,

v.                                         CIVIL ACTION NO. 1:14-cv-29
                                              (Judge Keeley)

WARDEN TERRY O'BRIEN

        Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On February 20, 2014 the *pro se* petitioner, John Chinnici ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Vermont. He also appears to challenge the Bureau of Prison's calculation of his sentence. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II. Facts

On November 13, 2006, Petitioner pleaded guilty in Criminal Action Number 2:06-cr-15-1 in the United States District Court for the District of Vermont to count two, of a five count, grand jury indictment which charged him with violating 18 U.S.C. § 922(g)(1), possession of a firearm by a previously convicted felon. (Dkt. No. 128 at 1)[1]. The guilty plea was accepted by the court and a pretrial sentencing reported was prepared. (Id. at 2). The sentencing guidelines, based on the guidelines for the crime, level adjustments, and Petitioner's criminal history

---

[1] Except as otherwise noted, all Docket Numbers in this section refer to the R&R filed on March 19, 2013, in the petitioner's criminal case number 2:06-cr-15-1 in the District of Vermont. Available on PACER.

category of III suggested a range from 151-188 months. (Id.). After objections from Petitioner about whether or not his burglary charges should be classified as violent or nonviolent crimes, the court decided to adopt the sentencing level and range in the presentencing report. (Id. at 3). However, after considering 19 U.S.C. § 3553(a) the court decided to reduce the sentencing level and Petitioner's criminal history category and ultimately sentenced the Petitioner to ninety (90) months. (Id. at 3-4).

The Petitioner then made a direct appeal of his sentence to the Second Circuit citing several errors. (Id. at 4). The Second Circuit upheld both the conviction and the sentencing by the district court. (Id.). Petitioner then filed a motion under 28 U.S.C. § 2255 seeking to have his sentence vacated. (Id.). Petitioner alleged that his burglary crimes should not have been classified as violent crimes, but nonviolent because the homes were empty and the state court had classified them as nonviolent, and he should have been awarded further sentencing level reductions based on his plea agreement. (Id.). Petitioner's § 2255 was denied by the United States District Court for the District of Vermont because it was procedurally faulty, untimely, and without merit. (Dkt. No. 129)[2]. Petitioner made no appeal of the district court's denial of his motion.

Petitioner has now filed a petition of habeas corpus under 28 U.S.C. § 2241 with this Court claiming actual innocence based on his burglary convictions being deferred convictions and, once again, the improper classification of his burglaries as violent crimes. (Dkt. No. 1 at 1 and 5-6)[3]. Petitioner has paid the required $5.00 habeas corpus petition filing fee.

### III. Analysis

**A. Actual Innocence**

---

[2] Docket Number referring to criminal case number 2:06-cr-15-1 in the District of Vermont.
[3] Docket Number referring to civil case number 1:14-cv-29 in the Northern District of West Virginia.

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[4], the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[5]

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, Petitioner asserts, among other things, that he is actually innocent. However, in order to raise a claim of actual innocence under § 2241, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[6] This Petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crime for which Petitioner was convicted remains a criminal offense, and therefore Petitioner cannot satisfy the second element of Jones. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

**B. Challenge to Sentence Calculation**

---

[5] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[6] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

Included in the petition is an allegation which indicates that Petitioner believes that he has not received the proper amount of credit for this sentence. More specifically, it appears Petition believes he is entitled to an additional eight (8) days credit toward his sentence. The undersigned acknowledges that this claim is properly raised in a § 2241 petition because it challenges the execution of his sentence.

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise

its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly acknowledges that he has not presented this issue in the prison's internal grievance procedure. (Doc. No. 1, p. 7). In addition, he does not argue that doing so would be futile. Instead, the petitioner merely notes that his sentence is not an error of the Federal Bureau of Prisons. (*Id.* at 8). Therefore, the petitioner fails to give a viable reason for not attempting informal resolution of his sentence calculation claim prior to filing suit.

In fact, exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce

judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

## IV. Recommendation

Based on the foregoing, the undersigned recommends Petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE with respect to his request that his conviction be removed from the record, and he be given immediate release. It is further recommended that his petitioner be **DISMISSED WITHOUT PREJUDICE** with respect to his claim regarding the eight days he believes should be credited against his sentence.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 2, 2014.

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE