IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN CHINNICI,**

**Petitioner,**

**v.** // **CIVIL ACTION NO. 1:14CV29**
   **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

**Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

The pro se petitioner, John Chinnici ("Chinnici"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") on February 20, 2014. [Dkt. No. 1]. Chinnici, who is currently incarcerated at United States Penitentiary McCreary ("USP McCreary"), is challenging the validity of his conviction and sentence imposed by the United States District Court for the District of Vermont, as well as the Bureau of Prison's calculation of his sentence.

On June 2, 2014, United States Magistrate Judge James E. Seibert ("magistrate judge") filed a Report and Recommendation ("R&R") recommending that the Court deny and dismiss with prejudice Chinnici's request that his conviction be removed from the record, and that he be immediately released. [Dkt. No. 9] The magistrate judge also recommended that the Court dismiss without prejudice

**CHINNICI V. O'BRIEN**                                                1:14CV29

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING
AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND
DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

Chinnici's claim concerning the miscalculation of his time served. <u>Id.</u> For the following reasons, the Court **ADOPTS** the R&R, **DISMISSES WITH PREJUDICE** part of the complaint, and **DISMISSES WITHOUT PREJUDICE** part of the complaint.

**I.**

On November 13, 2006, Chinnici pleaded guilty to possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Dkt. No. 9 at 1]. On May 16, 2008, during Chinnici's sentencing, the United States District Court for the District of Vermont initially calculated his total offense level as a 32, and his criminal history category as a III. After considering the 18 U.S.C. § 3553(a) factors of the Sentencing Reform Act, the district court varied from the advisory guideline range and adjusted his criminal history category downward from a III to a II, and his offense level downward from a 32 to a 28, resulting in a guideline range of 87 to 108 months of incarceration.

The district court sentenced Chinnici to 90 months of incarceration, followed by a two-year term of supervised release. On May 22, 2008, Chinnici appealed his sentence to the United States Court of Appeals for the Second Circuit, which upheld his conviction and sentence. [Dkt. No. 9 at 2].

**CHINNICI V. O'BRIEN**                                                1:14CV29

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

Chinnici then filed a motion under 28 U.S.C. § 2255 to vacate his sentence on the ground that his prior burglary convictions should not have been classified as "crimes of violence" because the residences were unoccupied. Chinnici also alleged that he should have received an additional reduction for acceptance of responsibility, as provided in his plea agreement. On July 31, 2013, the district court denied his petition under § 2255 as procedurally defaulted, untimely filed, and lacking in merit.

In the instant § 2241 petition, Chinnici claims actual innocence on the ground that his March 16, 2004, conviction was a deferred sentence, and so he was not a felon until he violated that deferred sentence on May 8, 2006. Furthermore, Chinnici again claims that his convictions for burglary were improperly classified as violent crimes. Finally, he alleges that he improperly received only one (1) day of credit for time served, when he should have received eight (8) days of credit.

## II.

When reviewing a magistrate judge's R&R pursuant to 28 U.S.C. § 636, the court reviews <u>de novo</u> only that portion of the R&R to which a timely objection has been made. 28 U.S.C. § 636(b)(1)(C). It will uphold those portions of a recommendation as to which no

**CHINNICI V. O'BRIEN**                                            **1:14CV29**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Inasmuch as Chinnici did not file any objections to the R&R, the Court will review the R&R for clear error.

### III.

**A. Actual Innocence Claim**

The magistrate judge concluded that Chinnici's actual innocence claim was, in reality, an attack on the validity of his sentence that should have been brought pursuant to § 2255, rather than § 2241. A petitioner generally uses § 2241 to challenge the execution of his sentence, In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000), and uses § 2255 to challenge his conviction or the imposition of his sentence. Id.

A petitioner may only challenge his sentence using § 2241 under the § 2255(e) savings clause when a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). In the Fourth Circuit, a petitioner must meet the following elements to establish that § 2255 would afford an inadequate or ineffective remedy:

(1) at the time of conviction, settled law of this

4

**CHINNICI V. O'BRIEN**                                              **1:14CV29**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

> circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." Phillips v. Francis, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009), aff'd, 332 Fed. Appx. 103 (4th Cir. 2009) (citing Vial, 115 F.3d at 1194 n. 5).

As Magistrate Judge Seibert observed, Chinnici has failed to establish an element of the test in Jones, namely, a change in the substantive law, and, therefore, is not entitled to use the savings clause. Chinnici's only argument as to why § 2255 is "inadequate or ineffective" appears to be that he is time barred from using it. As case law in the Fourth Circuit states, however, "a limitation bar" does not render § 2255 inadequate and ineffective. Having failed to find that Chinnici is entitled to use the savings clause, the Court need not review the merits of his actual innocence claim. See Bousley v. United States, 523 U.S. 614, 623 (1998). The Court

**CHINNICI V. O'BRIEN**                                               **1:14CV29**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

therefore concludes that the magistrate judge did not commit clear error in denying this part of the petition, and denies and dismisses it with prejudice.

**B. Improper Classification of Burglary Convictions Claim**

Chinnici's claim that his burglary convictions were improperly construed as crimes of violence must be denied for the same reason the court in Vermont denied his § 2255 petition. Here, Chinnici is unable to overcome procedural default of failing to raise the issue on direct appeal. "Habeas review is an extraordinary remedy, and '"will not be allowed to do service for an appeal."'" Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)).

A petitioner who has procedurally defaulted a claim by failing to raise it on direct appeal may raise it in a habeas petition only if the petitioner can first demonstrate either "cause" and actual "prejudice," or that he is actually innocent. Id. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)). Chinnici, however, provides neither a reason for failing to raise the claim on direct appeal, nor an explanation as to why he would suffer actual prejudice. Furthermore, as discussed earlier, he cannot demonstrate actual innocence. Accordingly, the Court denies and

**CHINNICI V. O'BRIEN**                                          1:14CV29

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

dismisses with prejudice this part of the complaint.

**C. Improper Sentence Calculation Claim**

Chinnici also challenges how the trial court calculated his sentence, claiming he was entitled to an additional eight days of credit, but only received one. The magistrate judge determined that this was a proper claim for a § 2241 petition because it is a collateral attack on the execution of a sentence. In re Vial, 115 F.3d at 1194 n. 5 (4th Cir. 1997) (stating that a federal prisoner's challenge to the execution of the sentence is properly raised under § 2241).

On the other hand, the magistrate judge concluded that Chinnici had failed to exhaust his administrative remedies before filing his claim. Generally, unless exceptional circumstances exist, a federal prisoner must first exhaust all alternative remedies. Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (quoting Bowen v. Johnston, 306 U.S. 19, 27 (1939), and Boumediene v. Bush, 553 U.S. 723, 793 (2008)). Given that the Federal Bureau of Prisons ("BOP") is the agency charged with computing sentences, Chinnici should first present this issue using the BOP's internal grievance procedure, which he admittedly has not done. Simply stating that his "sentence is not an error of the FBOP," [Dkt. No.

**CHINNICI V. O'BRIEN**                                          **1:14CV29**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], DENYING AND DISMISSING COMPLAINT WITH PREJUDICE IN PART, AND DENYING AND DISMISSING COMPLAINT WITHOUT PREJUDICE IN PART [DKT. NO. 1]**

1 at 8], is insufficient to establish an exceptional circumstance for waiving his obligation to exhaust alternative remedies. Accordingly, the magistrate judge did not err in concluding that Chinnici must exhaust all administrative remedies before filing a § 2241 petition, and the Court dismisses without prejudice this part of his petition.

### IV.

For the reasons discussed, the Court **ADOPTS** the R&R and 1) **DENIES** and **DISMISSES WITH PREJUDICE** Chinnici's actual innocence and improper classification claims, and 2) **DISMISSES WITHOUT PREJUDICE** his improper sentence calculation claim.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> plaintiff, return receipt requested, and to enter a separate judgment order.

DATED: December 3, 2014.

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE